NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBIN L. SWEARINGEN,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7018

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2491, Judge Coral Wong Pietsch.

---

Decided: May 12, 2015

---

ROBIN L. SWEARINGEN, Covington, IN, pro se.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, JEANNE E. DAVIDSON, SCOTT D. AUSTIN; MARTIN JAMES SENDEK, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––

Before REYNA, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Robin Swearingen contests the denial of veterans' benefits for Parkinson's disease based on exposure to ionizing radiation from the Chernobyl nuclear disaster. Because Mr. Swearingen has not raised any issues within our limited jurisdiction, we must dismiss his appeal.

I

Mr. Swearingen served on active duty in the U.S. Air Force from 1983 to 1988. In November 2009, Mr. Swearingen sought veterans' benefits for Parkinson's disease as a result of radiation exposure while he was stationed in Germany. Specifically, he alleged exposure to the Chernobyl nuclear disaster from April 24, 1986 to October 31, 1986. He also stated that he had been treated for Parkinson's disease as of December 2001 at a Department of Veterans Affairs medical center.

In January 2010, after receiving Mr. Swearingen's medical records and a letter from him stating that he had no other information to submit in support of his claim, a Veterans Affairs regional office denied his claim. Following the submission of a Notice of Disagreement and studies purporting to show a relationship between radiation and Parkinson's disease, the regional office issued a decision continuing to deny his claim.

In May 2013, the Board of Veterans' Appeals issued a decision affirming the denial of Mr. Swearingen's claim. The Board found that the VA complied with its duty to assist Mr. Swearingen by obtaining all pertinent records. The Board also found that the VA was not required to provide a medical examination because there was no competent scientific or medical evidence supporting a connection between Parkinson's disease and radiation

exposure or any indication that Mr. Swearingen's disability was associated with his service. The Board concluded that the evidence did not establish service connection based on a theory of exposure to ionizing radiation, a statutory presumption, or a direct theory.

Mr. Swearingen then appealed to the U.S. Court of Appeals for Veterans Claims, which affirmed the Board's decision. The Veterans Court also found that the VA satisfied its duty to assist Mr. Swearingen and that the Board provided adequate reasons and bases for its findings and conclusions. Mr. Swearingen appeals.

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a), (d)(1). But we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

The regulations provide that certain "radiogenic diseases" may be service-connected if they become manifest in a veteran exposed to ionizing radiation. 38 C.F.R. §§ 3.309(d), 3.311. Parkinson's disease is not listed as a "radiogenic disease" in the regulations. Nevertheless, the VA was required to consider Mr. Swearingen's claim if he identified "competent scientific or medical evidence that the claimed condition is a radiogenic disease." 38 C.F.R. § 3.311(b)(4).

The Board reviewed all of the evidence Mr. Swearingen submitted, including several articles, treatises, and blogs, but found that none of the evidence

provided competent scientific studies or findings associating Parkinson's disease with exposure to ionizing radiation. On appeal, Mr. Swearingen requests that we review the evidence and rule in his favor. *See, e.g.*, Appellant's Informal Br. Resp. No. 6. Because the only issue here is Mr. Swearingen's disagreement with factual findings and application of law to fact, we must dismiss the appeal for lack of jurisdiction.

**DISMISSED**

No costs.